## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Patricia Heidelberg | : |
| | : CIVIL ACTION – LAW |
| Plaintiff | : |
| | : No. |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| | : |
| | : |
| University of Pittsburgh Medical Center | : |
| Pinnacle  d/b/a UPMC Pinnacle | : |
| | : |
| Defendant | : |

## COMPLAINT

Plaintiff, Patricia Heidelberg, at all relevant times to the complaint, residing at 301 North Progress Avenue, Harrisburg, PA, County of Dauphin, and Commonwealth of Pennsylvania, by way of Complaint against the Defendant, says:

## PRELIMINARY STATEMENT

1. This matter is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## JURISDICTION AND VENUE

2. This Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. §2000e, *et seq.*, as amended by the Civil Rights Act of 1991, the Civil Rights Act of 1866,

1

42 U.S.C. §2000e-5(f); and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Equal Employment Opportunity Act of 1972.

3. Venue is proper in the Middle District of Pennsylvania because the events and/or omissions giving rise to Plaintiff's claims occurred within this district and Defendant conducts business in this district.

## PARTIES

4. Plaintiff, Patricia Heidelberg, is at all times herein, a resident of the Commonwealth of Pennsylvania Plaintiff, at all times relevant to the complaint, was an employee of the Defendant.

5. Defendant, University of Pittsburgh Medical Center (UPMC) Pinnacle, located in Harrisburg, PA, is and was at all times referred to in this Complaint a private healthcare entity organized under the laws of the Commonwealth of Pennsylvania and is responsible for the policies, procedures, and practices implemented through its various employees and agents and for injury occasioned thereby.

6. Plaintiff has complied with all jurisdictional prerequisites, including those set forth in 42 U.S.C. Section 2000e-5(f), and has exhausted all required state and federal administrative remedies, including proceeding before the United States Equal Employment Opportunity Commission, with dual-filing in the Pennsylvania Human Relations Commission.

## **GENERAL ALLEGATIONS**

7. Plaintiff is a female born in 1955.

8. In or about October 2018, Plaintiff was hired by Defendant as a Patient Representative.

9. Plaintiff claims gender discrimination and sexual harassment, as Plaintiff was sexually assaulted by a co-worker.

10. The harassment is alleged to be severe and/or pervasive.

11. The harassment is alleged to be "because of" sex and/or perceptions regarding the same.

12. This harassment is also alleged to be "because of" sex because the assault was sexually laced, flavored, and sexual in nature on its face.

13. On Friday January 8, 2021, at approximately 3:45 PM, Plaintiff was sexually assaulted by Maryam Saadidi, a Float Medical Assistant who worked predominately in Defendant's West Offices.

14. Ms. Saadidi was asked to work at Defendant's East Offices on January 8, 2021 due to a staffing shortage.

15. Plaintiff typically took direction and supervision from a physician.

16. In the absence of an attending physician, Ms. Tanya Brautigam would wield the supervisory authority of a physician. Plainitff was responsible for scheduling Ms. Brautigam's patients.

17. Defendant vested Ms. Brautigam with authority to: direct Plaintiff how and when to schedule Ms. Brautigam patients, dictate how Plaintiff spoke to Ms. Brautigam's patients, reschedule Ms. Brautigam's patience, dictate how Plaintiff communicated medical correspondence to other company's and/or stakeholders, and dictate what assignments/duties Plaintiff performed and how those assignments and duties were performed.

18. On Friday January 8, 2021, at approximately 3:45 PM, Tanya Brautigam, a Certified Registered Nurse Practitioner who supervised and worked closely with Patient Representatives, challenged Ms. Saadidi to grab an employee named Tess Onink's breasts. Ms. Saadidi declined this challenged, but instead accepted Ms. Brautigam's challenge to grab Plaintiff's breast.

19. While Plaintiff was seated in a chair at her desk in the front reception area of the office, she heard laughter coming from the office staff behind her. Plaintiff turned around and saw Ms. Saadidi rushing toward her.

20. Upon realizing that Ms. Saadidi was rapidly approaching, Plaintiff put both of her hands in the air for her own protection and yelled "stop."

21. Ms. Saadidi then grabbed Plaintiff's right breast and refused to release her.

22. Due to the force of Ms. Saadidi's impact with Plaintiff, Plaintiff's chair was pushed against her desk, trapping Plaintiff between Ms. Saadidi and Plaintiff's desk.

23. Ms. Saadidi struggled to pin Plaintiff between herself and Plaintiff's desk.

24. Plaintiff was forced to use all of her strength to hold Ms. Saadidi's free hand and shoulder to protect herself from Ms. Saadidi's physical contact. Plaintiff held Ms. Saadidi firm, but Ms. Saadidi continued to lean on Plaintiff.

25. Ms. Saadidi's use of physical force was witnessed by Ms. Onink, who looked on in terror.

26. When Ms. Saadidi released Plaintiff's breast, Plaintiff noticed that Ms. Brautigam was buckled over and laughing hysterically while looking in Plaintiff's direction. Plaintiff also noticed that other co-workers were laughing about Plaintiff's sexual assault.

27. Plaintiff completed the work day, went to her vehicle, and began to cry and yell. Plaintiff experienced feelings of embarrassment, humiliation, shame, and anger.

28. On the morning of Monday January 11, 2021, Plaintiff reported the sexual assault to her supervisor, Lisa Gonzales, Office Manager. Ms. Gonzales informed Plaintiff that Ms. Gonzales would talk to Human Resources.

29. Following Plaintiff's meeting with Ms. Gonzales, Plaintiff felt ambushed and trapped by her co-workers that were involved in the January 8, 2021 sexual assault. Plaintiff told Ms. Saadidi to stay away from her and to never touch her again.

30. Approximately one week later, Plaintiff was approached by Natasha Bishop, Certified Medical Assistant, who informed Plaintiff that Ms. Saadidi grabbed Plaintiff's breast because she was dared to do so by Ms. Brautigam.

31. Plaintiff was further informed that Ms. Saadidi was directed by Ms. Brautigam to "grab Miss Pat's titties."

32. On February 12, 2021, Plaintiff questioned Ms. Brautigam regarding her involvement in Plaintiff's January 8, 2021 sexual assault. Specifically, Plaintiff asked Ms. Brautigam whether she sent Ms. Saadidi to attack Plaintiff. As a result of Plaintiff's questioning of Ms. Brautigam, Ms. Brautigam complained to Ms. Gonzales that Plaintiff had engaged in inappropriate conduct by raising her voice at Ms. Brautigam.

33. On the same day, Ms. Gonzales requested Plaintiff's presence at a 3:30 PM meeting. Plaintiff, Ms. Gonzales, Ms. Brautigam, Ms. Saadidi, Ms. Bishop, and Patty Ruiz, former Office Manager, were present at this meeting. During the meeting, Ms. Brautigam and Ms. Saadidi asserted that their sexual harassment of Plaintiff was "just a joke."

34. During the February 12, 2021 meeting, Plaintiff experienced a violent panic attack resulting from Ms. Brautigam's and Ms. Saadidi's lack of accountability for participating in Plaintiff's sexual assault.

35. Plaintiff was forced to continue to work with and be supervised by and/or take directions from Ms. Brautigam. Plaintiff was not contacted by anyone from Defendant's Human Resources until approximately two months after the sexual assault.

36. On or about March 2, 2021, Plaintiff communicated with the Dauphin County Police Department to discuss the January 8, 2022, sexual assault.

37. Ms. Brautigam's continued presence in the workplace for approximately two months made Plaintiff uncomfortable and uneasy.

38. Plaintiff has and continues to suffer severe emotional distress because of the sexual assault and Defendant's failure to take prompt remedial action.

39. Plaintiff has sought medical care with respect to her severe emotional distress from Dr. Beth Budesheim.

40. Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the creation of a hostile work environment to which Plaintiff was subjected.

41. The discriminatory conduct of Defendant, as alleged herein, was severe and/or pervasive enough to make a reasonable female employee believe that

the conditions of employment had been altered and that a hostile work environment existed, and make Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

42. Sexual assault is among the most severe forms of sexual harassment.

43. Ms. Saadidi's sexual assault of Plaintiff is so severe as to constitute a discrete act.

44. Defendant failed to prevent or address the discriminatory conduct referred to herein and further failed to take appropriate prompt corrective and/or remedial measures to make the workplace free of harassing and discriminatory conduct.

45. Defendant failed to timely institute, initiate and/or comply with any plan or policy to remediate the hostile work environment to which Plaintiff was subject.

## COUNT I

### Sexual Harassment Under Title VII

46. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

47. Defendant is responsible for the conduct directed against Plaintiff because Defendant knew of the sexual assault against Plaintiff and failed to take prompt remedial measures to stop the harassment.

48. Alternatively, Defendant was negligent by failing to take reasonable measures to prevent the harassment that Plaintiff endured and that negligence was the proximate cause of the harm Plaintiff suffered.

49. Otherwise, the harassment experienced by Plaintiff meets the criteria for sexual harassment under Title VII.

50. Plaintiff suffered mental and emotional distress due to the sexual harassment and hostile work environment.

51. Plaintiff was forced to exhaust, at her expense, several weeks of vacation and sick leave to cope and/or address the effects of the sexual harassment/assault.

52. Wherefore, Plaintiff demands judgment against Defendant with compensatory damages, interest, costs, attorney's fees and any other relief the Court deems equitable and just. Due to Defendant's failure to fully remediate and/or correct the effects of the discrimination against the Plaintiffs, the Defendant has not satisfied the elements of the affirmative defense available to employers under Title VII. Therefore, Defendant is liable for the discriminatory actions of its personnel.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Patricia Heidelberg, respectfully requests this Court enter judgment in Plaintiff's favor and an order as follows:

    a. For past, present, and future general damages in an amount to be

   determined at trial;

b. For past, present, and future special damages, including but not limited to past, present, and future lost earnings, economic damages, compensatory damages and others, in an amount to be determined at trial;

c. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering and humiliation caused to her by Defendant's actions;

d. Any appropriate punitive or exemplary damages against Defendant;

e. Any appropriate statutory damages;

f. For attorney's fees and costs of suit;

g. For interest as allowed by law;

h. For such other and future relief as the court may deem proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                              **ABARA LAW FIRM, PLLC.**

By:  *s/ Obinna I. Abara*
       OBINNA I. ABARA, ESQUIRE
       Attorney I.D. No.: 204964
       1950 Butler Pike, # 255
       Conshohocken, PA 19428
       (215) 360-3260
       *Attorney for Plaintiff*

Date: _____8/8/2022_____

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Aug 8, 2022
Date

*Patricia a. Heidelberg*
Patricia a. Heidelberg (Aug 8, 2022 17:18 EDT)

Patricia Heidelberg, Plaintiff